# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>JUAN ALCANTAR-CHAGOLLA,<br><br>Defendant(s). | 2:09-CR-498 JCM (RJJ) |

# ORDER

Presently before the court is petitioner Juan Alcantar-Chagolla's motion to vacate under 28 U.S.C. § 2255. (Doc. # 53). The government filed a response in opposition. (Doc. # 58).

## I.   Background

On December 9, 2009, a grand jury indicted petitioner on a single charge of illegal reentry by a previously removed alien in violation of 8 U.S.C. § 1326. (Doc. # 1). On July 7, 2010, petitioner pleaded guilty to the offense. (Doc. # 23). On October 28, 2010, the court sentenced petitioner to fifty-two months imprisonment. (Doc. # 35).

Petitioner now requests that the court grant him a "pardon" pursuant to 28 U.S.C. § 2255 because he wants to change his life forever to help his children. (Doc. # 53).

## II.   Legal Standard

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a

**James C. Mahan**
**U.S. District Judge**

complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

### III. Discussion

Though petitioner's goal of putting his life in a positive direction upon release from incarceration is certainly admirable, he does not put forward any grounds by which the imposition of his sentence violated the Constitution or laws of the United States.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, DECREED that petitioner's motion to vacate pursuant to U.S.C. § 2255 (doc. # 53) is DENIED.

DATED March 31, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**